240 So.2d 370

**Ollie Edward CHAMBERS, Alias**

v.

**STATE.**

**6 Div. 92.**

Court of Criminal Appeals of Alabama.

Oct. 20, 1970.

Gerard J. Durward, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

CATES, Judge

Robbery: ten years.

Chambers was accused of taking some $350.00 from a cashier at an A & P Super Market at 8th Avenue and 18th Street, North in Birmingham, on November 18, 1968. The cashier testified that when he got to the checkout counter he grabbed her by the back of the neck with one hand and reached into the till with the other.

She picked Chambers from a lineup held November 21, 1968. The manager of the store also picked Chambers from the same lineup.

Chambers had signed a written waiver of counsel for him at the lineup.

There were six black males assembled for the lineup: (1) 19 years old, five feet eight inches tall, 145 pounds; (2) 22 years, five feet ten inches, 137 pounds; (3) [Chambers] 26 years, five feet six inches, 160 pounds; (4) 31 years, 6 feet two inches, 161 pounds; (5) 32 years, five feet seven inches, 136 pounds; and (6) 16 years, five feet six inches, 130 pounds.

In brief it is argued that Chambers was patently so stocky as to make the lineup more of an emphasizing session than one for identification.

However, the cashier made her final decision only after all the members of the parade were asked to open their mouths and Chambers alone then exhibited a gold tooth.

At the close of a jury-withdrawn-voir-dire hearing, the trial judge ruled that

the in-court identification was not contaminated by the conduct of the lineup.

█ The lack of counsel under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, raises a preliminary hurdle which the State must clear under penalty of exclusion of the defendant's identification.

In Clemons v. United States, 133 U.S. App.D.C. 27, 408 F.2d 1230, we find:

"[4] Where the prosecution intends to offer only an in-court identification, the defense may challenge its admissibility. The court should then, on facts elicited outside the presence of the jury, rule upon whether a pre-trial identification by the same eyewitness is violative of due process or the right to counsel. If a violation is found, the court should then decide whether the in-court identification is still admissible because it has an independent source; indeed, it would appear in the interest of expeditious judicial administration for such a ruling to be made in any event. If the judge regards only the in-court identification as admissible, in the trial to the jury thereafter, the defense may, as a matter of trial tactics, decide to bring out the pre-trial confrontation itself, hoping that it can thus detract from the weight the jury might otherwise accord the in-court identification."

Here the written waiver was acknowledged by Chambers on his trial without any claim of oppression. He was told that if he was not picked out he would then be free to go home. This we distinguish from an inducement to confess. There was nothing testimonial in walking on the stage and opening his mouth. See Hubbard v. State, 283 Ala. 183, 215 So. 2d 261.

We have examined the whole record as required by Code 1940, T. 15, § 389 and consider the judgment below should be

Affirmed.